## THE STATE v. THE CLERK OF MIDDLETOWN.

1. A vote at town meeting "that all that the law will allow should be raised for schools," is good, though deficient in precision.

2. This court will not in general allow a *certiorari* to remove a resolution at town meeting to raise any particular tax, if the tax is simply raised or voted. Any tax payer aggrieved can have his remedy by removing his own assessment for correction. The allowing a *certiorari* where the public is concerned is a matter of discretion.

In the branch court, before Justices ELMER and POTTS.

Mr. *Vredenburgh* (in behalf of Mr. Allen) applied for a *certiorari*, to be directed to the clerk of the township of Middletown, in the county of Monmouth, to bring up the orders made by the town meeting, in March, 1853, to raise money by tax. He cited *The State* v. *Albright, Spencer* 644.

ELMER, J.   It appears, by the certified copy of the proceedings of the town meeting presented to us, that nine hundred dollars were ordered to be raised "for ways and means and support of the poor," and that "all the law would allow should be raised for schools." These orders are deficient in that precision which is desirable in so important a proceeding as the raising of money by a tax. It is the practice of some town meetings, and ought to be the practice of all, to order money to be raised for the several purposes expressly authorized by law by formal resolutions carefully drawn and recorded in the minutes. The sum authorized for schools ought to be stated, so that the people may know precisely what they vote for. In the case of *The State* v. *Sickles*, however, this court decided that it would be too strict to declare the assessment wholly void, and set it aside for similar defects.

If the errors complained of were much more important, we should hesitate to allow a *certiorari*, which might prevent the township from raising any funds, and thus produce great public inconvenience. The writ is not of right, but will be granted or refused in the discretion of the court. *State* v. *Kingsland*, 3 *Zab.* 87. In that case, as well as in the case of *The State* v. *Albright*, the writ was allowed to bring up the proceedings

of the town meeting; but in the former case it was dismissed after argument, and in the latter case it brought up only a particular order appropriating a specific fund to the support of schools, and occasioned no special inconvenience.  As a general rule, the writ is only allowed where some apparent error, affecting a particular prosecutor, is shown to the court by affidavit or otherwise, and only to bring up the assessment in his case.  The writ applied for must be denied.

POTTS, J., concurred.